*E-Filed: July 24, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-00355 DLJ (HRL) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | [Re: Docket No. 259] |
| MIGUEL MIRANDA, ET AL., | |
| Defendants. | |

~~With the agreement of the parties and defendant's consent, the Court enters the following Order.~~

The defendants are charged in a Second Superseding Indictment with violations of: Title 18, United States Code, Section 1962(d) – Racketeering Conspiracy; Title 18, United States Code, Section 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering; Title 18, United States Code, Section 1959(a)(6) – Conspiracy to Commit Assault with a Deadly Weapon in Aid of Racketeering; Title 18, United States Code, Section 924(c)(1)(A) ~~and 2~~ – Use/Possession of Firearm in Furtherance of Crime of Violence; Title 18, United States Code, Section 1959(a)(1) ~~and 2~~ – Murder in Aid of Racketeering; Title 18, United States Code, Section 1959(a)(5) ~~and 2~~ – Attempted Murder in Aid of Racketeering; Title 18, United States Code, Section 1959(a)(3) ~~and 2~~ – Assault with a Dangerous Weapon in Aid of Racketeering; Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(viii) – Conspiracy to Distribute Methamphetamine; Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) – Possession with Intent to Distribute and

1  Distribution of 50 Grams or More of Methamphetamine; Title 21, United States Code, Sections
2  841(a)(1) and 841(b)(1)(B)(viii) – Possession with Intent to Distribute and Distribution of 5 Grams
3  or More Methamphetamine; Title 18, United States Code, Section 924(c)(1)(A) ~~and 2~~ –
4  Use/Possession of Firearm in Furtherance of a Drug Trafficking Crime; Title 18, United States
5  Code, Section 922(g)(1) – Felon in Possession of a Firearm and Ammunition; Title 18, United
6  States Code, Section 922(k) – Possession of a Firearm with Serial Number Removed.

Pursuant to the defendants' requests, the United States has provided documents and other materials relating to the charges in this case, but only to the defense attorneys who have agreed to prior stipulated protective orders. This Protective Order is designed to supersede the requirements of those orders. All materials provided by the government in this case before the date of this Protective Order and hereafter are now subject to the terms of this Protective Order.

1. Pursuant to its discovery obligations, the government intends to produce discovery including but not limited to Rule 16 and other information. For purposes of expediting discovery, ~~A~~all the material that the government produces to the defense in the above-captioned case pursuant to its discovery obligations ~~will~~ may be provisionally designated as SUBJECT MATERIALS. Ultimately, however, only those materials which reasonably implicate witness safety, or other comparable justification, are deserving of protection under this Order, and the government is under a continuing obligation to review the provisionally designated materials and de-designate those that are not deserving.  The government shall notify Defendants of materials it has de-designated on a rolling basis at reasonable intervals.  The government's review process should begin with and focus on police reports, as Defendants have indicated that these are the materials on which they most want restrictions lifted.  Defendants also have the ~~are signing this Protective Order for purposes of expediting discovery and are doing so with a reservation of~~ right~~s~~ to dispute the government's designation of specific materials as SUBJECT MATERIALS that should be subject to the terms of this Protective Order. Should any defendant disagree with the government's designation of any materials as SUBJECT MATERIALS, the defendant must initially meet and confer in person with the government to resolve the dispute if possible. If after meeting and conferring with the government the defendant disagrees with the government's determination as to the characterization

2

of the material(s), the ~~defendant's~~ parties' next avenue for resolution is to notify the Court and seek a judicial determination of whether the specific materials at issue should be designated as SUBJECT MATERIALS and continue to be subject to the terms of this Protective Order.  To do so, within ten (10) days of the in person meet and confer, the parties shall file a joint letter not to exceed seven (7) pages.  The government will have the burden to demonstrate that the challenged materials warrant ongoing protection.  Generally, materials which are already part of the public domain will not be protected.

     2.     Except when being actively examined, transferred as permitted by this Protect~~ed~~ive Order, or used for the purpose of the preparation of the defense of defendants, the SUBJECT MATERIALS shall be maintained in safe and secure places in defense counsel's office(s) and/or secured in a password protected electronic format, which shall be accessible only to defense counsel, members and employees of his or her law firm who are working with him or her to prepare defendants' defense, the defendants, retained investigators and experts, and others identified in Paragraph~~s~~ 3. Defense counsel, members and employees of his or her law firm, the defendants, and the investigator(s) shall not permit any person access of any kind to the SUBJECT MATERIALS except as set forth below.

     3.     The following individuals may obtain copies of the SUBJECT MATERIALS for the sole purpose of preparing the defense of defendants in this action and for no other purpose:

     a)     Counsel for defendants;

     b)     Members and employees of defense counsels' law office who are assisting with the preparation of defendants' defense;

     c)     Court appointed discovery coordinator;

     d)     Investigators, experts, paralegals and law clerks retained to assist in the defense of this matter;

     e)     Vendors or personnel whose services are employed to copy, transcribe, use, prepare, or translate SUBJECT MATERIALS; and

     f)     Defendants, as follows:

   i. In the presence of defense counsel or another authorized person listed in this paragraph;

   ii. In a room at defense counsels' offices under the following conditions: the SUBJECT MATERIALS will be available by paper copy or on a computer or electronic media that will lack Internet access and lack the ability to copy the SUBJECT MATERIALS onto a disk, a drive, or other media; no telephones or cameras will be permitted in the room while the defendant is reviewing the SUBJECT MATERIALS; a member of defense counsel's staff will supervise the review but need not be present in the room during the review; and defense counsel will take reasonable steps to comply with this provision.

   iii. Defendants may not take or maintain the SUBJECT MATERIALS or copies thereof outside of the parameters set forth above, except as set forth in paragraph 11.

If defense counsel determines that additional persons are needed to review the SUBJECT MATERIALS, he/she must obtain a further order of the Court before allowing any other individual to review the materials. Such a request to the Court will only occur after conferring with the government. In the event the parties agree to the additional person or persons, it shall be documented in writing with no need for further involvement of the Court. If the parties cannot agree, defense counsel will make its motion to the Court on sufficient notice to the government so that it may assert its objection.

4. A copy of this Order shall be maintained by defense counsel at all times in the principal place where the SUBJECT MATERIALS are maintained.

5. All individuals described in Paragraph 3, other than defense counsel (and employees of his/her office), who receive access to the SUBJECT MATERIALS, prior to receiving access to the materials, shall sign a copy of this Order acknowledging that:

  a) they have reviewed the Order and are bound by its terms;

  b) they understand its contents;

    c) they agree that they will only access the SUBJECT MATERIALS and information for the purposes of preparing a defense for defendant;

    d) they understand that failure to abide by this Order may result in sanctions by this Court; and

    e) they agree that they will not give the SUBJECT MATERIALS to any other individuals.

Counsel for the parties shall maintain in their files signed copies of the Order to be made available upon request under seal to the Court.

    6. Defense counsel may provide copies of SUBJECT MATERIALS to experts and/or investigators working for defense counsel, but only in accordance with the procedures described below. The experts and investigators who receive SUBJECT MATERIALS must maintain them in a safe and secure place in their office(s), which shall be accessible only to them, and/or secured in a password protected electronic format, except when the SUBJECT MATERIALS are being actively examined or used for the purpose of the preparation of the defense or are being transferred as permitted by this Protective Order.

    7. Counsel for defendants shall maintain a log of SUBJECT MATERIALS provided to any experts and/or investigators, which log shall include the Bates numbers of documents provided and the names of the person(s) receiving the materials. The logs will be maintained in a secure manner. If (1) upon a showing of good cause to believe that there was a breach of this Protective Order and that a copy of the log should be requested from specified defense counsel and (2) after specified defense counsel receives notice of the reason(s) the log is being requested and has an opportunity to be heard by the Court on the matter, the Court may order the specified defense counsel to produce the log to the Court. In that event, the directed defense counsel shall submit a copy of the log to the Court ex parte and under seal and waives any objection based on the work-product doctrine to producing a copy of the log to the Court in this manner. Before the Court discloses the log to the government or to any third party, defense counsel shall receive notice of the potential disclosure and shall have an opportunity to be heard by the Court and to object to any such disclosure; in that event, defendant and defense counsel reserve all rights to object to disclosure of

1 the log to the government or to any third-party, including, without limitation, objections based on
2 the work-product doctrine.

3       8.     Counsel for the defendants, within thirty calendar days of the conclusion of the above
4 captioned proceedings before the Court, shall retrieve all copies of the SUBJECT MATERIALS
5 provided to anyone pursuant to this Order. Counsel may then destroy copies which counsel ~~s~~deems
6 unnecessary to preserve, and maintain or return to the government the balance in a manner
7 consistent with this Order.

8       9.     No other person may be allowed to examine the SUBJECT MATERIALS without
9 further order of the Court or as provided in Paragraph 3. Examination of the SUBJECT
10 MATERIALS shall be done in a secure environment which will not expose the materials to other
11 individuals not authorized to access the SUBJECT MATERIALS.

12       10.    The SUBJECT MATERIALS may be duplicated to the extent necessary to prepare
13 the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

14       11.    Notwithstanding the foregoing, SUBJECT MATERIALS, excluding the following:
15     a) victim medical records or documents relating to a victim's death;
16     b) photographs and/or video depicting victim injuries or faces; and
17     c) photographs and/or video depicting the faces of any individual who is not a
18        defendant in this case~~; and~~
19     ~~d) police reports from local law enforcement, including the portions that are referred to~~
20        ~~as "Event Chronology," "Event Detail Reports," and CAD Summary reports~~
21 can be reviewed by the defendants who are detained outside the presence of counsel and pursuant to
22 the terms of this Protective Order. SUBJECT MATERIALS must be (i) maintained in a safe and
23 secure place in the jail, which shall be accessible only to each respective defendant, including each
24 respective defendant's jail cell, and/or (ii) secured in a password protected electronic format, which
25 shall be accessible only to each respective defendant, except when the SUBJECT MATERIALS are
26 being actively examined or used for the purpose of the preparation of the defense as permitted by
27 this Protective Order. However, police reports from local law enforcement, including the portions
28 that are referred to as "Event Chronology," "Event Detail Reports," and CAD Summary reports, can

1  only be maintained in a password protected electronic format as described in subsection (ii) above;
2  defendants may not retain paper copies of the police reports from local law enforcement. Defendants
3  are prohibited from sharing, showing, or otherwise disseminating the SUBJECT MATERIALS,
4  including audio and video recordings, to anyone, and the defendants cannot allow anyone to listen
5  or view the recordings on any playing device.

6        12.     The protocol for SUBJECT MATERIALS set forth in paragraph 11 does not bind
7  any jail in which the defendants may be housed to accepting the protocol. Rather, the protocol set
8  forth in paragraph 11 is merely an agreement between the government and the defendants only. The
9  defendants shall separately confer with the jail in which they are housed regarding whether and how
10 the jail will maintain the SUBJECT MATERIALS. The government shall make a good-faith effort
11 to assist the defendants and jail officials in this process. Nothing in this stipulation is intended to
12 divest jail officials of their discretion and authority in operating the jail and maintaining the safety
13 and security of the jail.

14       13.     The government shall request that the defense team return copies of the SUBJECT
15 MATERIALS to the United States thirty calendar days after any one of the following events,
16 whichever occurs latest in time: dismissal of all charges against the defendant; the defendant's
17 acquittal by court or jury; or the conclusion of any direct appeal, including the time required for
18 counsel to comply with Ninth Circuit Rule 4-1(e). Defense counsel shall comply with the
19 government's request. Defense counsel, however, may retain for its records one copy of the
20 SUBJECT MATERIALS, which shall be kept in a secure location. Defense counsel need not
21 disclose to the government any work product that incorporates any SUBJECT MATERIALS.

22       14.     After the conclusion of proceedings in the district court or any direct appeal in the
23 above captioned case, including the time required for counsel to comply with Ninth Circuit Rule 4-
24 1(e), the government will maintain a copy of the SUBJECT MATERIALS. The government will
25 maintain the SUBJECT MATERIALS until the time period for filing a motion pursuant to 28
26 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the
27 government may destroy the SUBJECT MATERIALS. In the event defendant is represented by
28 counsel and files a motion pursuant to 28 U.S.C. § 2255, the government will provide that counsel

1  with a copy of the SUBJECT MATERIALS under the same restrictions as trial and direct appeal
2  defense counsel. Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same
3  materials thirty calendar days after the district court's ruling on the motion or thirty calendar days
4  after the conclusion of any direct appeal of the district court's denial of the motion, whichever is
5  later.

6      15.    This Protective Order does not limit or modify the parties' rights to use the
7  SUBJECT MATERIALS in judicial proceedings in this action, including in any trial or pretrial
8  matters before the Court, using appropriate procedures to protect the safety and security of third
9  parties when necessary. Any SUBJECT MATERIALS that are attached to any pleadings or other
10 court submissions shall be filed or lodged under seal.

11     16.    This stipulation and Protective Order supersedes all prior protective orders in effect
12 in this case. In the event any party seeks to modify or amend this Protective Order, it will confer
13 with the other parties prior to seeking a modification from the Court by motion on notice to all
14 parties.

15 **IT IS SO ORDERED.**

16 Dated: July 24, 2014

17 _____
   HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE