*E-Filed: August 7, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-00355 DLJ (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION FOR RECONSIDERATION** |
| v. | |
| MIGUEL MIRANDA, ET AL., | |
| Defendants. | **[Re: Docket Nos. 259, 267]** |

Following a hearing on Defendants' motion to vacate the then existing protective order as well as the Government's counter motion for a modified protective order, the Court granted in part and denied in part both motions and entered its own modified version of the Government's proposed protective order. *See* Dkt. Nos. 274, 275. The Government now moves for reconsideration of that Order, which motion Defendants oppose. *See* Dkt. Nos. 278, 281.

The Court based one modified provision in the protective order in part on its belief that the Government had acquiesced to the Defendants' request to allow in custody Defendants to retain copies of redacted police reports on a password protected tablet, e-reader, or other digital media player such as an iPod Touch. However, the Government maintains that it never wavered from its position that police reports should not be left with in custody Defendants regardless of the format, and any suggestion to the contrary must have been a misunderstanding. The Court agrees that this apparent misunderstanding amounts to good cause to reconsider the provision of the protective order allowing in custody defendants to retain copies of police reports on password protected electronic

devices. The Government also requests reconsideration of other modifications it does not like. However, as the Government fails to demonstrate any grounds for reconsideration, merely rehashing arguments that were made clear the first time around, the Court declines to reconsider them.

Despite the Government's opposition to in custody Defendants retaining copies of redacted police reports in password protected electronic format, upon reconsideration, the Court stands by the provision that allows for it. At the hearing, the Government asserted that the crux of its position was its objection to in custody defendants being able to carry paper. It repeatedly emphasized the danger posed by paper, referring to it as "currency" and noting that a stabbing related to this case was based on discovery paperwork transmitted through the jail via kites. The Government also argued that, while Defendants can always pass on information gleaned from their review of discovery materials in the presence of counsel, the situation is significantly more dangerous when Defendants possess paperwork, which can be passed along as actual evidence confirming the accuracy of information to higher ups in the gang. Accordingly, the Court agrees with the Government that Defendants should be prohibited from retaining paper copies of police reports. However, the Government has not demonstrated that a comparable danger is posed by Defendants having access to redacted police reports in a password protected electronic format, at least not sufficient to outweigh the burden demonstrated by Defendants and their counsel. Accordingly, the Protective Order shall remain in effect as entered.

**IT IS SO ORDERED.**

Dated: August 7, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE