UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANDY LAMB LOPEZ,<br>Defendant. | Case No.  5:11-cr-00355-EJD-16<br><br>**ORDER DENYING MOTION TO STAY; GRANTING MOTION FOR BRIEFING SCHEDULE**<br><br>Re: Dkt. Nos. 573, 620 |

On May 20, 2010, Defendant Andy Lamb Lopez ("Defendant") pleaded guilty pursuant to a written plea agreement to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant was thereafter sentenced to a custodial term of 45 months and three years of supervised release. Judgment was entered accordingly on February 25, 2015. Defendant has now filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in which he contends, based on the United States Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (2015), that his sentence violates due process guarantees because a prior conviction no longer qualifies as a crime of violence under the residual clause of the Career Offender Guideline, U.S.S.G. § 4B1.2(a)(2).

Presently before the court is the Government's motion to stay the § 2255 petition pending the Supreme Court's decision in another case, namely Beckles v. United States, No. 15-8544. Dkt. No. 573. Defendant opposes the motion. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

1. The district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort

1
Case No.: 5:11-cr-00355-EJD-16
ORDER DENYING MOTION TO STAY; GRANTING MOTION FOR BRIEFING SCHEDULE

for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Using this power, one case may be stayed in favor of another. Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1997) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

2. In order to determine whether a stay should be implemented, various interests must be considered: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55). Whether to grant a stay request is a matter entrusted to the discretion of the district court. See Landis, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

3. When weighing the relevant interests, the court must be mindful that "if there is even a fair possibility that the stay for which he prays will work damage to someone else," the moving party "must make out a clear case of hardship or inequity in being required to go forward." Id. at 255. Indeed, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Id.

4. Furthermore, with respect to habeas matters, the court recognizes that petitions for such relief "implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." Yong v. INS, 208 F.3d 1116, 1120 (9th Cir. 2000). "A district court is explicitly directed to 'summarily hear and determine the facts, and to dispose of [a habeas petition] as law and justice require.'" Id. (quoting 28 U.S.C. § 2243). Not doing so threatens to reduce habeas petitions to a "sham." Id. (citing Jones v. Shell, 572 F.2d

2
Case No.: 5:11-cr-00355-EJD-16
ORDER DENYING MOTION TO STAY; GRANTING MOTION FOR BRIEFING SCHEDULE

1278, 1280 (8th Cir. 1978)). "A long stay [] threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." Id.

5.  Here, Defendant has shown a "fair possibility" of damage from a stay of his § 2255 petition, even if the Court decides Beckles sometime in the coming year. Defendant argues that the length of time he has already been incarcerated already falls within the guideline that would apply to a modified sentence under Johnson, taking into consideration "good time" credit to which he may be entitled.

6.  The Government has not made out a clear case of hardship in response. Arguments concerning Defendant's delay, or observations speculating on the amended sentence Defendant could receive, cannot be characterized as species of hardship to the Government or inequity. The same can be said of the Government's contention concerning the timing of the Court's aniticpated decision in Beckles. In sum, the Government's arguments are unconvincing, and the issues they raise are far outweighed by the constitutional magnitude of Defendants' arguments in support of habeas relief.

Accordingly, for the reasons explained, the Government's motion to stay the § 2255 petition (Dkt. No. 573) is DENIED.

Defendant's Motion for Briefing Schedule in relation to his § 2255 petition (Dkt. No. 620) is GRANTED. The Government shall file any opposition to the § 2255 petition within 60 days of the date of this order. Defendant shall file any reply within 30 days of the date the opposition is filed.

**IT IS SO ORDERED.**

Dated:  September 27, 2016

_____
EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:11-cr-00355-EJD-16
ORDER DENYING MOTION TO STAY; GRANTING MOTION FOR BRIEFING SCHEDULE